**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAVARES HAMILTON, | ) | |
| | ) | No. 15-CV- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | |
| corporation, ANDREW KROLL, RAUL | ) | |
| CERDA, JR., and others not presently | ) | |
| known to Plaintiff | ) | <u>Jury Demanded</u> |
| | ) | |
| Defendants. | ) | |

<u>**COMPLAINT**</u>

NOW COMES the plaintiff Tavares Hamilton, by his attorneys, Mark F. Smolens and Richard R. Mottweiler, Mottweiler & Smolens, LLP, and as his complaint against the defendants, states the following:

1.     This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions of April 15, 2011 which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

<u>**Parties and Jurisdiction**</u>

2.  The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

3.     At all times material hereto, the plaintiff, Tavares Hamilton was a resident of the City of Chicago, State of Illinois, in this District, and entitled to be free from

unlawful search and seizure, and the malicious conduct of police officers employed by the municipal defendant.

4.      At all times material hereto defendant Andrew Kroll (hereinafter "Kroll") was a sworn law enforcement officer employed by the City of Chicago and its Police Department. At all times material hereto defendant Kroll was acting under color of state law and within the scope of his employment with the City of Chicago. Kroll is sued individually.

5.      At all times material hereto defendant Raul Cerda. Jr. (hereinafter "Cerda") was a sworn law enforcement officer employed by the City of Chicago and its Police Department.  At all times material hereto defendant Cerda was acting under color of state law and within the scope of his employment with the City of Chicago. Cerda is sued individually.

6.      The City of Chicago is a municipal corporation and body politic located in Cook County, Illinois.  At all relevant times hereto, the City of Chicago was the employer of defendants Kroll, Cerda, and other police officers involved in varying degrees in the events at issue.

7.    Other individuals not presently known to the plaintiff were, at all relevant times to this complaint, duly appointed police officers of the City of Chicago and its Police Department.  At all times material to this Complaint, these presently unknown defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

9.      Plaintiff sues all of the police officers in their individual capacities.

2

## Facts

10.     On or about March 22, 2015, plaintiff was lawfully present at Roscoe's Tavern, located at 3556 Halsted Street in the City of Chicago.

11.     While present in Roscoe's, a dispute arose over cell phones having been stolen.

12.   Plaintiff Tavares Hamilton was one of the individuals in Roscoe's whose telephone had been stolen.

13.     The Chicago Police were called by security personnel from Roscoe's and the defendants, Officers Kroll and Cerda, were the officers who responded to the scene.

14.     The plaintiff, Tavares Hamilton, was arrested and taken into custody by defendants Kroll and Cerda.

15.     Defendant Kroll had prior knowledge of plaintiff Hamilton, Kroll having been one of the defendants in a prior civil rights claim brought by Mr. Hamilton for the violation of his rights under the Fourth Amendment, that case having been captioned *Hamilton v. City of Chicago, et al.*, 12 CV 6740.

16.     Defendant Kroll was one of the individual defendant officers for whom the plaintiffs (Tavares Hamilton and his cousin, Darielle Hamilton) released and settled their claims for a total of $42,000 paid by his employer, the City of Chicago.

17.     At the scene of his arrest, plaintiff Hamilton was subjected to unreasonable and excessive force, causing injury to his face and body.

18.     Later, at the police station, defendants Kross and Cerda, Jr., along with other currently unknown Chicago police officers, further subjected plaintiff Hamilton to excessive and unreasonable force, causing further injury to his face and body.

19.     Defendants eventually contacted paramedics from the Chicago Fire Department to transport plaintiff to the hospital for treatment for his injuries.

20.     During the course of plaintiff's custodial arrest, defendant Raul Cerda, Jr. apparently prepared an inventory of plaintiff's personal possessions.

21.     The first such inventory, bearing #13400947, reflects its preparation at 4:06 a.m. on March 22, 2015 by defendant Raul Cerda, Jr.

22.     In that inventory, three items of plaintiff Hamilton's jewelry are listed: yellow colored chain (item 7383011), yellow/white colored pendant (item 7383012), and white colored earrings (item 7383013).

23.     The so-called "white colored" earrings were in fact gold with diamond studs.

24.     Once he had been released from custody, plaintiff Hamilton returned to the situs of his processing, the 19th District Police Station, with the inventory sheet that he had been provided (bearing Inventory #13400947) and attempted to recover his property.

25.     Upon his arrival, however, he was advised by desk personnel that his personal items had a "new" inventory number, #13400989.

26.     That "new" inventory #13400989, again apparently prepared by defendant Cerda, Jr., had the same date of March 22, 2015, but a new time, 5:31 a.m.

27.     That "new" inventory, however, listed only a single item: "yellow colored

4

chain with pendant."

28.     The "new" inventory made no mention of plaintiff's diamond studded earrings.

29.     Although the plaintiff was able to recover his gold chain and pendant, he has as of the filing of this lawsuit been unable to recover his diamond studded earrings.

30.     By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, and a loss of his personal property which was seized by the defendant officers but never returned to the plaintiff, all to his damage.

31.   The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

32.     The municipal defendant/employer, City of Chicago, is liable to plaintiff as indemnitor with respect to any award of compensatory damages as against the individual defendant employees, including not only defendants Kroll and Cerda, Jr., but also those other currently "unknown" Chicago police officers who either participated in or turned a blind eye to the violations of plaintiff's rights.

**Fourth Amendment (§ 1983 claims)**
**Against Individual Defendants**

33.     Plaintiff adopts and re-alleges the allegations of paragraphs one through thirty-two, above, as and for the allegations of this paragraph thirty-three.

34.     The force used during the seizure, arrest, and incarceration of plaintiff

5

Tavares Hamilton was without lawful justification, unreasonable and excessive.

35.    The sleight-of-hand "new" inventory procedure whereby plaintiff's diamond studded earrings simply vanished from the custody and control of the Chicago Police Department was unreasonable and a violation of plaintiff's right to be free from unreasonable seizures.

36.  By reason of the conduct of the individual defendants, plaintiff Tavares Hamilton was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and  42 U.S.C. §1983.

37.    These actions by the individually named defendant police officers proximately caused plaintiff's injuries and damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court to enter a judgment against the defendants and each of them for compensatory damages; for punitive damages against each of the individually named defendants; plus, an award to the plaintiff pursuant to Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.

/s/ Mark F. Smolens
One of the attorneys for plaintiffs

**MOTTWEILER & SMOLENS, LLP**
**MARK F. SMOLENS  #6190482**
**RICHARD R. MOTTWEILER #3123509**
**NICOLE L. BARKOWSKI #6295834**
**1627 Colonial Parkway**
**Inverness, Il 60067**
**773 - 580-4982 (MFS tx)**
**ryansmolensjones@hotmail.com**
**312-259-0234 (RRM tx)**
**tcblaw@aol.com**

6